UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRIENDS OF ROEDING PARK, et al.,    No. 2:11-cv-02083-MCE-CKD

    Plaintiffs,

  v.                        MEMORANDUM AND ORDER

CITY OF FRESNO, et al.,

    Defendants.

----oo0oo----

Before the Court are (1) December 9, 2011, Defendant City of Fresno's Motion to Dismiss for Lack of Jurisdiction, ECF No. 15; (2) December 9, 2011 Defendant County of Fresno's Motion to Dismiss, ECF No. 17; (3) Defendant California Department of Parks and Recreation's Motion to Dismiss, ECF No. 20; and (4) Defendant Fresno's Chaffee Zoo Corp.'s Motion to Change Venue, ECF No. 22.[1]

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

The Motions are fully briefed.  Because the Court finds that venue is improper, this action will be transferred to Fresno. All other motions, requests, or stipulations, are therefore moot.

Friends of Roeding Park is an unincorporated association located in Fresno, California.  Each of the individual plaintiffs reside in Fresno.  Roeding Park is located in Fresno and the Fresno County Zoo is located within Roeding Park.  Plaintiffs' allegations in the "Amended Petition for Writ of Mandate and Complaint for Violation of Federal Statutes and Pendent State Claims" (the "Amended Complaint"), ECF No. 13, concern the Fresno County Zoo's expansion in Roeding Park and the environmental impact of that expansion.  With the exception of the United States Department of the Interior and California's Department of Parks and Recreation, all of the other defendants in Plaintiffs' First Amended Complaint are Fresno entities.[2]

The U.S. District Court for the Eastern District of California has divisional offices for the filing of civil actions in Sacramento and Fresno.  Local Rule ("L.R.") 120(d) generally provides that actions that arise in certain specified counties "shall" be filed in the Fresno Office and actions arising in other specified counties "shall" be filed in the Sacramento Office.[3]

///

---

[2] These defendants are the: (1) City Of Fresno; (2) Fresno County Zoo Authority; (3) County of Fresno; (4) Fresno's Chaffee Zoo Corporation; (5) Roeding Park Playland; and (6) Fresno Storyland.

[3] Filing in Fresno is required for actions arising in Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare and Tuolumne counties.  See L.R. 120(d).

Specifically, L.R. 120(d) provides, in relevant part, that "proceedings of every nature and kind cognizable in the United States District Court for the Eastern District of California arising in" Fresno shall be commenced in the Fresno District Court.  Further, L.R. 120(f) states that:

> Whenever in any action the Court finds upon its own motion, motion of any party, or stipulation that the action has not been commenced in the proper court in accordance with this Rule, or for other good cause, the Court may transfer the action to another venue within the District.

There is no dispute that this action "arises" in Fresno. See First Amended Complaint, ECF No. 13 at 1; Plaintiffs/ Petitioners' Response to Order to Show Cause re Dismissal, ECF No. 28 at 2-3, 5-6.[4]  Rather, in response to the motion to transfer venue, Plaintiffs request that the Court bifurcate this action by transferring venue to Fresno for certain claims, while retaining jurisdiction over the claims relating to Secretary of the Interior and the National Environmental Policy Act. ECF No. 28 at 2-3, 5-6.

Plaintiffs do not, however, provide any reason why venue in this Court would be proper under Local Rule 120 for those claims, which also arise from the Zoo's expansion and the environmental impact of that expansion.

///
///

---

[4] In their First Amended Complaint, Plaintiffs do not allege that venue is proper in Sacramento because the action "arises" in Sacramento.  Rather, Plaintiffs contend that venue is proper because both the U.S. Department of the Interior and California's Department of Parks and Recreation have offices in Sacramento and actions against state agencies may be brought in the County of Sacramento.  See ECF No. 13 at 1.

3

1  Furthermore, Plaintiffs have made no showing that the U.S.
2  Department of the Interior and California's Department of Parks
3  and Recreation could not appear in Fresno, nor have they shown
4  that bifurcating their claims would promote the goals of judicial
5  economy, convenience, and fairness to litigants.  See
6  Fed. R. Civ. P. 42(d) ("For convenience, to avoid prejudice, or
7  to expedite and economize, the court may order a separate trial
8  of one or more separate issues, claims, crossclaims,
9  counterclaims, or third-party claims.").
10       In sum, Plaintiffs are located in Fresno, the real property
11 (i.e., Roeding Park and the Fresno Zoo) at issue is located in
12 Fresno, the allegations regarding the expansion and the
13 environmental impact all relate to Roeding Park and the Fresno
14 Zoo, and all but two of the defendants are located in Fresno.
15 The Court concludes that this action "arises" in Fresno and
16 should have been filed in Fresno.  Transfer to Fresno is
17 therefore appropriate and the Court finds good cause to transfer
18 this case to Fresno pursuant to Local Rule 120(f).
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

1    The Court therefore GRANTS defendant Fresno's Chaffee Zoo
2 Corp.'s Motion to Change Venue, ECF No. 22, and DISMISSES AS MOOT
3 (1) Defendant City of Fresno's Motion to Dismiss for Lack of
4 Jurisdiction, ECF No. 15; (2) Defendant County of Fresno's Motion
5 to Dismiss, ECF No. 17; (3) Defendant California Department of
6 Parks and Recreation's Motion to Dismiss, ECF No. 20, and any
7 other motions, requests, or stipulations that may be pending.
8    IT IS SO ORDERED.
9
10 Dated: December 15, 2011
11                              _____
12                              MORRISON C. ENGLAND, JR.
                                UNITED STATES DISTRICT JUDGE